FILED
COURT OF APPEALS
DIVISION II

2013 JUN 19 AM 8: 33

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In re Marriage of: | No. 42640-4-II |
| VARONICA A. BUCHANAN, | |
| Respondent, | UNPUBLISHED OPINION |
| v. | |
| STEPHEN J. BUCHANAN, | |
| Appellant. | |

BJORGEN, J. — Stephen Buchanan appeals the trial court's denial of his petition for a restraining order, which would have prohibited Varonica Buchanan from enrolling their children at Life Christian School in the fall of 2011. He argues that the order is an improper modification of their parenting plan, which states that the children shall not attend Life Christian after the 2009-2010 school year unless he agrees. We dismiss the appeal, because it is moot.

## FACTS

Varonica and Stephen[1] dissolved their marriage in 2007. They have two children together, both of whom have attended Life Christian School since preschool. In October 2008, Varonica and Stephen agreed to an order supplementing their parenting plan. The supplemental order includes the following provisions:

> 1. The parties shall keep their children enrolled at Life Christian School for an additional two (2) years: Fall 2008/Spring 2009, and Fall 2009/Spring 2010.
> 2. Unless the father agrees, the children shall not continue to attend Life Christian after Spring 2010. Furthermore, unless the mother agrees, the children shall not attend public school beginning in Fall 2010.

---

[1] For clarity, we refer to the parties by their first names. No disrespect is intended.

3. By September 1, 2009, the parties shall exchange a list of perspective [sic] schools that either parent may consider for the children to attend.
4. The parties shall attend mediation in November 2009 regarding the issue of enrollment for the 2010/11 school year.
5. The father shall have no financial responsibility towards the tuition at Life Christian.

Clerk's Papers (CP) at 6-7.

The children attended Life Christian for the 2008-2009 and 2009-2010 school years, as provided in the 2008 order. Beginning in May 2009, Stephen was deployed to Afghanistan, returning in June 2010. He asserts that he called Varonica from Afghanistan to object to the children re-enrolling at Life Christian for the 2010-2011 school year and that he "felt [he] could rely on" the 2008 order forbidding her from enrolling the children without his agreement. Varonica contends that Stephen never objected to the children's enrollment for the 2010-2011 school year. The children attended Life Christian in 2010-2011.

In January 2011, Stephen provided Varonica with a list of alternative schools. They attended mediation in March 2011, but were unable to reach a resolution. On August 19, 2011, 12 days before the start of the 2011-2012 school year, Stephen filed a petition for an ex parte restraining order prohibiting Varonica from enrolling the children at Life Christian. After a hearing on August 30, 2011, Pierce County Superior Court Commissioner Clint Johnson granted Stephen's petition and restrained Varonica from having the children attend Life Christian for the 2011 school year, which was scheduled to start the following day. Commissioner Johnson also stayed his order pending a revision hearing before Judge Buckner on September 2. After the revision hearing, Pierce County Superior Court Judge Rosanne Buckner revised Commissioner Johnson's ruling, denied Stephen's petition for a restraining order, and ordered that the children

continue to attend Life Christian. The children started the school year at Life Christian on August 31.

## ANALYSIS

Commissioner Johnson's order restraining Varonica from enrolling the children at Life Christian expressly pertained to "this fall," namely, fall 2011.[2] CP at 131. Thus, the only matter before Judge Buckner on the motion to revise was whether a restraining order would prohibit Varonica from enrolling the children at the school for the 2011-2012 school year. Judge Buckner's decision on revision denied Stephen's request and thus removed the restraining order's bar to Varonica enrolling the children at Life Christian for that year. The 2011-2012 school year has now ended. Since the order on appeal affected only that school year, it no longer has any effect on the parties' rights.

The appellate courts will generally not review a decision that has become moot. *See Orwick v. Seattle*, 103 Wn.2d 249, 253, 692 P.2d 793 (1984); 15A KARL B. TEGLAND & DOUGLAS J. ENDE, WASHINGTON PRACTICE: HANDBOOK ON CIVIL PROCEDURE § 85.1, at 668 (2010). A case is moot if the court can no longer provide effective relief. *Orwick*, 103 Wn.2d at 253. Since the order on appeal affected only a prior school year, the appeal of it is moot. The courts may review a moot case, however, if it presents issues of "'continuing and substantial public interest.'" *Orwick*, 103 Wn.2d at 253 (quoting *Sorenson v. Bellingham*, 80 Wn.2d 547, 558, 496 P.2d 512 (1972)).

In determining whether that standard is met, courts examine whether the issue is of a public or private nature, whether an authoritative determination is desirable to provide guidance

---

[2] "The petitioner mother is restrained from having the children . . . attend Life Christian school this fall. The 2011 school year begins August 31, 2011." CP at 131.

to public officers, and whether the issue is likely to recur. 15A KARL B. TEGLAND & DOUGLAS J. ENDE, WASHINGTON PRACTICE: HANDBOOK ON CIVIL PROCEDURE § 85.1, at 668 (2010). On balance, this appeal does not fall within the exception for matters of continuing and substantial public interest under these criteria.

The Supreme Court has held that as a general rule, "where only moot questions or abstract propositions are involved, or where the substantial questions involved in the trial court no longer exist, the appeal, or writ of error, should be dismissed." *Sorenson*, 80 Wn.2d at 558. Therefore, the appeal is dismissed as moot.

The schooling of the children remains subject to the order supplementing the parenting plan set out above. The order plainly states that "[u]nless the father agrees, the children shall not continue to attend Life Christian after Spring 2010. . . . [And] unless the mother agrees, the children shall not attend public school beginning in Fall 2010." CP at 6-7. If a party fails to follow the court order, the other party may file a motion for contempt to enforce the order. Under RCW 26.09.194(3), a parent may make a motion for an order to show cause. In response, a court may issue a temporary order, including a restraining order, on such terms as are just and proper under the circumstances. RCW 26.09.060(6), .194(3).

Varonica argues that she is entitled to attorney fees and costs for defending this appeal. We have discretion to order a party to pay for the cost of maintaining the appeal and attorney fees in addition to statutory costs. RCW 26.09.140. When awarding attorney fees, this court examines the arguable merit of the issues and the parties' financial resources. *In re the Marriage of Griffin*, 114 Wn.2d 772, 779, 791 P.2d 519 (1990). Under RAP 18.1(c), the parties must file a financial affidavit no later than 10 days before oral argument. Varonica filed a financial affidavit

showing that her monthly expenses are greater than her income. However, she also receives $1,145 a month in child support, and it is not clear that Stephen, who is currently a student, has a superior ability to pay. For these reasons, we decline Varonica's request for attorney fees.

We dismiss the appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

BJØRGEN, J.

We concur:

HUNT, J.

JOHANSON, A.C.J.